# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MIDDLE GEORGIA
# VALDOSTA DIVISION

**Lori Strickland**
        **Plaintiff,**

                               **CASE NO.:**

**vs.**

**Quality Inn at the Mall**

        **Defendant.**
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lori Strickland ("Strickland"), on behalf of herself and those similarly situated, by and through the undersigned attorney, sues Quality Inn at the Mall, a Domestic Profit Corporation ("Defendant") and alleges:

## INTRODUCTION

1. Plaintiff, Lori Strickland, was an employee of Quality Inn at the Mall, and brings this action for unpaid overtime compensation, unpaid wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee performing auditor and guest service duties within the last three years, *i.e.* from January 2015 through September 2016, for Defendant in Lowndes County, Georgia.

3. Defendant, Quality Inn at the Mall, is a Georgia Corporation that operates and conducts business in, among others, Lowndes County, Georgia

and is therefore, within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendant overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in Lowndes County, Georgia.

## PARTIES

7. Plaintiff was an hourly paid employee who worked for the Defendant in Lowndes County, Georgia.

8. Plaintiff, Lori Strickland, worked for Defendant as a Guest Service Agent, Manager on Duty, Hotel Security, Breakfast Attendant, and Hotel Night Auditor in Valdosta, Georgia in from March 2014 through September 2016.

9. The proposed class members also worked for Defendant as hourly hotel employees in Valdosta, Georgia.

10. Plaintiff and the proposed class members were subject to similar violations of the FLSA.

11. Defendant, Quality Inn at the Mall, is a Domestic Profit Corporation which operates and conducts business in Valdosta, Georgia, and is therefore within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

12. Plaintiff, and those similarly situated employees, worked for Defendant and performed hotel related activities.

13. Plaintiff worked in this capacity from approximately March 10, 2014 through September 8, 2016.

14. Plaintiff earned a rate of pay of at least $9.10 an hour.

15. Defendant agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendant.

16. During her employment with Defendant, Plaintiff regularly worked more than forty (40) hours a week, but was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COVERAGE

18. At all times relevant to this action (2015-2016), Quality Inn at the Mall was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

19. At all times relevant to this action (2015-2016), Quality Inn at the Mall made gross earnings of at least $500,000 annually.

20. At all times relevant to this action (2015-2016), Defendant accepted payments from customers based on credit cards issued by out of state banks.

21. At all times relevant to this action (2015-2016), Defendant had

two or more employees engaged in commerce, handling or otherwise working with vehicles and equipment that have been moved in or produced for commerce. (*i.e.* hotel equipment, office supplies, etc.).

22. At all times relevant to this action (2015-2016), Plaintiff was individually engaged in commerce during her employment with Defendant, by working with office supplies and equipment from out of state.

23. At all times relevant to this action (2015-2016), Defendant used U.S. mail to send and receive letters to and from other states.

24. At all times relevant to this action (2015-2016), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## **COLLECTIVE FACTUAL ALLEGATIONS**

25. Class members are treated equally by Defendant.

26. Defendant subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

27. Defendant employed several hotel employees who were improperly paid overtime wages in the State of Georgia within the past three (3) years.

28. Defendant paid class members in the same manner.

29. Plaintiff and all class members worked in the State of Georgia.

30. Plaintiff and all class members in the State of Georgia were not correctly paid overtime wages for all hours worked in excess of forty (40) hours.

31. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

32. During the relevant period, Defendant violated the FLSA by improperly paying Plaintiffs overtime wages for all hours worked excess of forty (40) hours per week.

33. Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

34. Plaintiff has hired the undersigned law firm to represent her in this matter and is obligated to pay them reasonable fees and costs if they prevail.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION**

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff, and those similarly situated employees, was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week. During her employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

37. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated employees, time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated employees, has suffered damages plus incurring reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated employees, is entitled to liquidated damages.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Lori Strickland, on behalf of herself and all other similarly situated employees, demands judgment against Defendant, Quality Inn at the Mall, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a jury trial on all issues so triable against Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 13th day of January, 2017.

/s/ Adian Miller
Adian Miller
GABN 794647

Morgan & Morgan, P.A.
191 Peachtree Street, N.E. Suite 4200
Atlanta, GA 30303
(404) 496-7332 Direct
(404) 496-7428 Fax
Email:ARMiller@forthepeople.com
Attorneys for Plaintiff