IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LORI STRICKLAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO.: 7:17-CV-10 (WLS) |
| v. | : | |
| | : | |
| QUALITY INN AT THE MALL and MOTMANCO, INC., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## **ORDER**

Before the Court is Plaintiffs Lori Strickland and Tara Brown's Joint Motion for Review and Approval of Settlement and Release Agreement. (Doc. 30.) Plaintiffs are hourly paid employees who worked for Quality Inn at the Mall. (Doc. 1 at 2.) They assert that they regularly worked more than forty hours per week, but were not paid time and one-half their regular rate of pay in violation of the Fair Labor Standards Act. (*Id.*). Upon thorough review of the proposed settlement, and for the following reasons, the Court accepts and approves the settlement.

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The Parties have submitted a proposed settlement agreement to the Court. (Doc. 30-1.) Because the agreement between the parties was not made under the supervision of the Secretary of Labor, *see* 29 U.S.C. § 216(c), the Court must scrutinize the parties' settlement for fairness before entering a "stipulated judgment." *See* 29 U.S.C. § 216(b); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982) (citations omitted). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of their rights. *Lynn's Food Stores*, 679 F.2d at 1352 (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)).

Before approving a FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x. 349, 351 (11th Cir. 2009) (per curiam).

The Court finds the settlement agreement (Doc. 30-1) entirely reasonable. The parties represent that Strickland and Brown have been paid all the wages they earned and therefore have no claims for unpaid wages. (Doc. 30-1 at 2.) In addition, Strickland is being paid $1776.61 in liquidated damages and Brown in being paid $1,127.61 in liquidated damages. (*Id.* at 3.) The instant action was initiated in the adversarial context of a lawsuit. Each side is represented by experienced counsel. Plaintiffs received all of the wages they were owed in addition to liquidated damages.

To encourage private enforcement of statutory rights under the FLSA, Congress created a fee-shifting provision in the Act which states: "The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As explained by the Eleventh Circuit, when a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees. *Norman v. Hous. Auth. of the City of Montgomery, Ala.*, 836 F.2d 1292, 1298–99 (11th Cir. 1988) (citations omitted).

Under the lodestar method, a court determines the objective value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate. *Id.* at 1299 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "reasonable hourly rate" is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.*

2

The settlement agreement would award $5,000—to be paid by Defendants—for counsel's work. (Doc. 30-1 at 3.) Counsel does not document the number of hours she worked on the case, but the fee is small enough to not raise any concerns of it being excessive. Assuming a rate of $132 per hour, which is the rate the federal judiciary pays criminal panel attorneys, counsel would need to have spent 38 hours on this case to have earned $5,000. The Court is aware counsel had to research the case, that she attended a discovery conference in Albany, and that she has filed fifteen items on the docket. In light of that effort, the Court believes billing 38 hours is not excessive, redundant, or otherwise unnecessary.

Having considered the Joint Motion for Review and Approval of Settlement and Release Agreement (Doc. 30) and finding the Settlement Agreement and Full and Final Mutual Release of All Claims (Doc. 30-1) to be fair, the motion is hereby **GRANTED**. The settlement agreement incorporated herein is **APPROVED**. The Court will retain jurisdiction of the action with respect to the claims resolved by the settlement agreement solely for the purpose of interpreting, implementing, and enforcing the settlement agreement consistent with the terms therein.

**SO ORDERED**, this 3rd day of April 2018.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**